# APRIL 22, 1936

## JOHNNIE ALLEN V. THE STATE.

No. 17969.   Delivered March 11, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*H. D. Payne* and *Kenneth Bain*, both of Floydada, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of abandonment of his wife, whom he married after a complaint had been filed in the justice court of precinct number one of Floyd County charging him with seduction; and his punishment was assessed at confinement in the state penitentiary for a term of four years.

By bills of exception numbers one and two appellant complains of the action of the trial court in declining to permit him to prove by Arthur Colston, an uncle of the prosecutrix, and W. H. Nelson certain rumors relating to the conduct of the prosecutrix and her teacher. The court, in the absence of the jury, heard the proffered testimony and advised the appellant that he might prove by said witnesses or either of them what induced them to close the school or any fact or facts within their personal knowledge, but not what someone may have told them as that would be hearsay, to which the appellant excepted. We cannot agree with appellant in his contention that he should have been permitted to prove by the witnesses any facts or circumstances that may have been brought to their attention by some third party because the same would be clearly hearsay and inadmissible.

The appellant next contends that the court erred in declining to submit to the jury his requested peremptory instruction to return a verdict of not guilty because the prosecutrix was not corroborated as to the alleged promise of marriage and the act of intercourse. We cannot agree with him in this because appellant, while testifying in his own behalf, admitted several acts of intercourse with the prosecutrix. As to the promise of marriage the uncle of prosecutrix testified that after the complaint was filed charging appellant with seduction he, the witness, went with appellant to the home of prosecutrix and heard him say to her, "Gertrude, I promise to marry you and I will go ahead and do it because I figure it is my baby," and within a few days thereafter he did marry her, which we think is a circumstance corroborating the prosecutrix as to the promise of marriage.

By bill of exception number ten appellant complains that Walter Childress, who was placed in charge of the jury and remained with them throughout the trial, was not a legally

appointed and qualified deputy sheriff. This matter was brought forward by the appellant in his motion for a new trial. The court heard testimony with reference thereto and at the conclusion thereof overruled the motion. The testimony is to the effect that some months prior to the trial, Mr. Anderson, the sheriff, appointed said Walter Childress as a deputy; that upon being appointed he immediately took the oath of office prescribed by law, gave bond, and thereafter performed all the duties pertaining to the office of deputy sheriff, although his appointment was not expressly authorized or confirmed by the commissioners' court as prescribed by Art. 3902, R. C. S., 1925. In passing on this question we do not deem it necessary to decide whether or not the said Walter Childress was an officer de jure or de facto, inasmuch as under the authority of Collier v. State, 105 Texas Crim. Rep., 246, 287 S. W., 1095, his acts in either event would not be illegal or invalid. The testimony offered at the hearing shows that he did not discuss with the jurors or any of them the case under consideration, nor did he in any way refer to any testimony adduced at the trial. Hence, no reversible error is shown.

By bills of exception three and five appellant contends that the court erred in declining to give his special requested instructions number four and seven. We have examined the same together with the court's main charge and are of the opinion that the court in his main charge embraced the defensive theories presented by said requested instructions, and therefore no error was committed by the court.

By bill of exception number four appellant contends that the court erred in overruling his objection to the court's charge. An examination of the objections in connection with the court's charge leads us to the conclusion that the charge was not subject to the criticism addressed to it.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing, contending that it was error for the court below to refuse to

give his requested charge No. 4. Without setting same out, we think this charge on the weight of evidence.

We recognize it as the law that the husband has the primary right to choose a family residence, but this is not without limitation and exception, and we would not be inclined to uphold the exercise of such right if it be shown that the only offer of a home by him to her was in the habitat of his parents whose consent to such offer was in nowise established or shown.

There was direct conflict between the husband and wife as to his agreement to come to where she was the next day after their forced marriage, he testifying that he told her he would be over there the next day, and that in fact he did go to her father's home and found no one present. The wife testified that he told her he would be over at her aunt's, where she was staying, the next day after said marriage, and that he did not come.

We are not in agreement with appellant's contention that the charge was too restrictive on the proposition of abandonment. The exception to the court's charge was so indefinite as to be insufficient to call the attention of the trial judge to the point now insisted upon in appellant's behalf.

We have again gone carefully over the facts and think them sufficient to support the jury's finding.

The motion for rehearing is overruled.

*Overruled.*